UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN PATRICK SMYLIE,

Plaintiff,

v.

D. BRANDVOLD, ET AL.,

Defendants.

No.  2:25-cv-01146-SCR P

ORDER

Plaintiff is incarcerated in state prison and is proceeding with this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  At the time of filing this complaint, plaintiff was a pretrial detainee.  Plaintiff's First Amended Complaint ("FAC") is before the undersigned for screening under 28 U.S.C. § 1915A.[1]

**IN FORMA PAUPERIS**

Plaintiff has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  ECF No. 2.  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.  This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one

---

[1] Plaintiff filed his FAC before the original complaint was screened.

1

lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.

## STATUTORY SCREENING OF PRISONER COMPLAINTS

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## PLAINTIFF'S FAC

The facts underlying plaintiff's FAC occurred at Plumas County Jail. ECF No. 6 at 1. Plaintiff alleges that on April 6, 2025, he was given a disciplinary hearing for a minor violation

charge.  Id. at 3.  Plaintiff further alleges that he was "excessively punished" with a five-day lockdown where the prison rulebook provides that lockdown for a minor violation shall not exceed 24 hours.  Id.  Plaintiff informed the hearing officer of the relevant rule and filed an appeal of the decision.  Id.  Plaintiff alleges that the jail commander is supposed to respond to appeals within 72 hours, but no one responded to his appeal.  Id.

The day before plaintiff's disciplinary hearing, he requested a pencil sharpener from the jail kiosk.  Id. at 4.  Plaintiff alleges that instead of a pencil sharpener, defendants Hermann and Schilz gave him medical request forms.  Id.  After receiving the medical forms, plaintiff alleges that he wrote a kiosk ticket to Commander Clark, who is not a named defendant, but defendant Hermann prevented Commander Clark from seeing the ticket.  Id.  Plaintiff also alleges that defendant Hermann responded to the ticket by telling plaintiff that he ordered medical request forms and to ask for a pencil sharpener if he wanted one.  Id.

**LEGAL STANDARDS**

**I.      42 U.S.C. § 1983**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law.  42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes.  Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

**II.     Linkage**

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a

3

constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted). In other words, "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III.    Fourteenth Amendment Due Process for Pretrial Detainees

The Fourteenth Amendment requires the government to do more than provide minimal necessities to non-convicted detainees. Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004). Under the Due Process Clause, pretrial detainees have a right to be free from jail conditions or restrictions that "amount to punishment." Bell v. Wolfish, 441 U.S. 520, 535-37 (1979); see also Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008). "This standard differs significantly from the standard relevant to convicted prisoners, who may be subject to punishment so long as it does not violate the Eighth Amendment's bar against cruel and unusual punishment." Pierce, 526 F.3d at 1205.

The proscription against punishment before trial can be violated in multiple ways. Most obviously, it can be violated if restrictions are "imposed for the purpose of punishment." Bell, 441 U.S. at 538; see also Kingsley v. Hendrickson, 576 U.S. 389, 398 (2015) ("'[P]unishment' can consist of actions taken with an 'expressed intent to punish.'" (quoting Bell, 441 U.S. at 538)). If a jailer lacks express intent to punish, "a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" Id. (quoting Bell, 441 U.S. at 561).

To "constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement." Demery v. Arpaio, 378 F.3d 1020, 1030 (9th Cir. 2004). "Absent evidence of express punitive intent, it may be possible to infer a given restriction's punitive status 'from the nature of the restriction.'" Pierce, 526 F.3d at 1205 (quoting Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th

4

Cir. 2002)). A restriction may also be punitive if it involves a "reckless disregard for inmates' health or safety." Norbert v. City & Cnty. of San Francisco, 10 F.4th 918, 928 (9th Cir. 2021). There is no due process violation, however, if restrictions are "but an incident of some other legitimate government purpose." Bell, 441 U.S. at 538.

While pretrial detainees "may not be punished prior to an adjudication of guilt in accordance with due process of law," Mitchell, 75 F.3d 517, 524 (9th Cir. 1996), this "does not mean that [they] are free to violate jail rules without impunity." Id. For the sake of preserving "internal order and discipline," Bell, 441 U.S. at 546, pretrial detainees may be subjected to disciplinary segregation only with a due process hearing to determine whether they have in fact violated any rule." Mitchell, 75 F.3d at 524. In order to comport with the due process requirements for a prison disciplinary hearing, jail authorities must provide the individual "(1) written notice of the charges at least 24 hours before the hearing; (2) an impartial hearing body; (3) the right to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; (4) assistance from another inmate or staff if the [individual] is illiterate or the issues complex; and (5) a written statement of the evidence relied on and the reasons for the disciplinary action." Briggs v. Gallatin Cnty., No. CV 18-10-BU-KLD, 2020 WL 2557740, at *5 (D. Mont. May 20, 2020) (citing Makanani v. Wagutsuma, 2019 WL 7373030, at *5 (D. Haw. Dec. 31, 2019) and Wolff, 418 U.S. at 563-71)). "In addition, a finding of guilt on a disciplinary charge must be supported by 'some evidence in the record.'" Id. (citing Superintendent v. Hill, 472 U.S. 445, 454 (1985)). Even after procedural due process is satisfied, pretrial detainees nonetheless maintain their substantive liberty interest in being free from punishment, even consequences issued for legitimate rule violations, that "appears excessive in relation to the alternative purpose assigned." Bell, 441 U.S. at 538.

## IV.    First Amendment Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate

5

correctional goal. <u>Rhodes v. Robinson</u>, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. <u>See</u> <u>Rhodes</u>, 408 F.3d at 568 (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); <u>Pratt v.</u> <u>Rowland</u>, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

**DISCUSSION**

**I.    Adequately Stated Claim: Due Process (Defendant Brandvold)**

The undersigned liberally construes the complaint as raising a Fourteenth Amendment due process claim[2] and finds that plaintiff has stated a valid claim against defendant Brandvold.

Plaintiff alleges that he was cited for a minor rule violation and that he received a hearing for the violation. ECF No. 6 at 3. Plaintiff does not complain that his hearing was unconstitutional or that he was deprived of any process that he is entitled to under <u>Wolff</u>. Accordingly, the undersigned infers that plaintiff received all the process he was due for his charge of a minor rule violation. However, according to the Plumas County Jail Handbook, punishment by lockdown allegedly cannot exceed twenty-four hours, and plaintiff was sentenced to a five-day lockdown. <u>Id.</u> Where the punishment issued exceeds the maximum sentence authorized, it would appear that one of the following must be true: (1) defendant Brandvold punished plaintiff for a more severe rule violation without apprising plaintiff of the violation or affording him the requisite process; or (2) defendant Brandvold sentenced plaintiff to a punishment "excessive in relation to the alternative purpose assigned," <u>Bell</u>, 441 U.S. at 538,

---

[2] Plaintiff expresses his intention to bring an Eighth Amendment claim against cruel and unusual punishment. However, the Eighth Amendment protects the rights of *convicted* persons, and at the time of the complaint, plaintiff had not yet been convicted of any crime. Therefore, the Fourteenth Amendment, not the Eighth Amendment, governs his rights. <u>Low v. Stanton</u>, No. cv-S-05-2211 MCE DAD P, 2009 WL 595985, at *6 (E.D. Cal. Mar. 4, 2009) (emphasis added) (citing <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 686 (9th Cir. 2001)), <u>report and</u> <u>recommendation adopted,</u> No. 2:05-cv-2211-MCE DAD P, 2009 WL 807506 (E.D. Cal. Mar. 26, 2009). As such, the undersigned construes plaintiff's claim as a Fourteenth Amendment claim against pretrial punishment without due process of law.

6

making it unlawfully punitive. Both would violate the Fourteenth Amendment, and the undersigned conducts a brief analysis of each below.

First, assuming the former theory, plaintiff would have been punished without due process of law. Plaintiff did not receive written notice of any major rule violation, nor did he receive an opportunity to defend his innocence, to produce evidence, call witnesses, or be presented with the evidence relied upon for the disciplinary action. Briggs, 2020 WL 2557740, at *5. Therefore, any punishment at all, including the sentence at issue, is both substantively and procedurally unconstitutional.

Under the latter theory, plaintiff alleges facts plausibly asserting that he was subjected to punitive action. Plumas County Jail allegedly provides that a minor violation warrants no longer than a twenty-four hour lockdown as punishment. The undersigned presumes the competence of the jail officials in creating the handbook and infers that the lockdown durations corresponding with different rule violations were set to establish a standard of reasonableness and uniformity in "preserving internal order and discipline." Mitchell, 75 F.3d at 524. Accordingly, defendant Brandvold issuing a lockdown sentence five times the maximum duration allowed by jail policy is plausibly excessive and, thus, unlawfully punitive and offensive to the Fourteenth Amendment. Contrasting with the above theory, plaintiff did receive a proper hearing for the minor rule violation, making the punishment at issue a violation of plaintiff's substantive liberties, not his procedural entitlements.

**II.     Failure to State a Claim: Retaliation (Defendants Hermann and Schilz)**

The undersigned finds that plaintiff has not stated a valid First Amendment claim for retaliation against defendants Schilz and Hermann. Liberally construed, defendants' alleged refusal to provide plaintiff's requested kiosk item may be characterized as arbitrary deprivation of property, which constitutes an adverse action. Rhodes, 408 F.3d at 568. However, plaintiff fails to allege facts that establish all other elements of a retaliation claim. Most pertinently, plaintiff has not identified what conduct defendants allegedly retaliated against him for, let alone whether this unidentified conduct was protected under the First Amendment. The FAC states that defendants Schilz and Hermann gave plaintiff medical forms instead of the pencil sharpener he

7

requested. ECF No. 6 at 4. However, plaintiff does not specify what conduct defendants' actions are allegedly in response to. Moreover, plaintiff fails to allege any facts to support a causal connection between plaintiff's unidentified conduct and the alleged adverse action taken by defendants. Accordingly, plaintiff has not stated a cognizable retaliation claim.

## OPTIONS FROM WHICH PLAINTIFF MUST CHOOSE

Based on the undersigned's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

### I.    Option 1

Plaintiff chooses to proceed immediately against defendant Brandvold on the Fourteenth Amendment due process claim. By choosing this option, plaintiff will be agreeing to voluntarily dismiss the First Amendment retaliation claim against defendants Hermann and Schilz. The court will proceed to immediately serve the complaint and order a response from defendant Brandvold.

### II.    Option 2

Plaintiff chooses to file an amended complaint to fix the problems described in the "Failure to State A Claim" section. If plaintiff chooses this option, the court will set a deadline in a subsequent order to give plaintiff time to file an amened complaint.

## LEGAL STANDARDS GOVERNING AMENDED COMPLAINTS

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

/////

8

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  See Local Rule 220.  This is because, as a general rule, an amended complaint replaces the prior complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012).  Therefore, in an amended complaint, every claim and every defendant must be included.  **Any claims and information not in the amended complaint will not be considered.**

### CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.  Plaintiff's claim against defendants Hermann and Schilz do not state claims for which relief can be granted.

4.  Plaintiff has the option to proceed immediately on his Fourteenth Amendment due process claim against defendant Brandvold as set forth in Section I above, or to file an amended complaint.

5.  Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the First Amendment retaliation claim against defendants Hermann and Schilz.

DATED:  March 5, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN PATRICK SMYLIE,

Plaintiff,

v.

D. BRANDVOLD, ET AL.,

Defendants.

No.  2:25-cv-01146-SCR-P

NOTICE OF ELECTION

Check one:

_____ Plaintiff wants to proceed immediately on his Fourteenth Amendment due process claim against defendant Brandvold without amending the complaint.  Plaintiff understands that by choosing this option, the remaining First Amendment retaliation claim against defendants Hermann and Schilz will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants time to file an amended complaint.

DATED:_____

_____
John Patrick Smylie
Plaintiff pro se

10